UNITED STATES DISTRICT COURT
WERSTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RUBY L. BROOKS, OTIS L. BROOKS, CHERYL A. SPRENGEL and DAMON P. LORTHRIDGE, individually, and on behalf behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:14-cv-04171-NKL<br><br>Jury Trial Demanded |

## FIRST AMENDED COMPLAINT FOR DECLARATORY AND CLASS ACTION RELIEF

Plaintiffs Ruby L. Brooks, Otis L. Brooks, Cheryl A. Sprengel and Damon P. Lorthridge, on their own behalf and on behalf of all others similarly situated, for their First Amended Complaint against defendant American Family Mutual Insurance Company for Declaratory and Class Action Relief, state:

### Parties, Jurisdiction, and Venue

1. Plaintiffs Ruby L. Brooks and Otis L. Brooks ("the Brooks") are residents of the City of St. Louis, Missouri.

2. Plaintiff Cheryl A. Sprengel is a resident of St. Louis County, Missouri.

3. Plaintiff Damon P. Lorthridge is a resident of St. Louis County, Missouri.

4. Defendant American Family Mutual Insurance Company ("American Family") is a corporation organized and existing under Illinois law with its principal place of business in Illinois. American Family is licensed to sell homeowner's insurance in the State of Missouri.

5. American Family maintains three offices in Cole County for the conduct of its usual and customary business, including the sale of insurance policies. American Family's offices are located at 800 West High Street, 1009 Madison Street, and 2705 Industrial Drive, all being in Jefferson City, Missouri.

6. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because there is minimal diversity of citizenship, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the class exceeds 100 persons.

7. This court has personal jurisdiction over American Family because American Family contracts to insure property and risks throughout Missouri, transacts business in Missouri, enters into contracts in Missouri, and committed the acts at issue in this lawsuit in Missouri.

### The Brooks Claim

8. The residential home owned and occupied by the Brooks located at 2239 University Street in the City of St. Louis ("the Brooks home") was damaged in a hail storm on or about April 28, 2012. More particularly, the roof, gutters, and downspouts of the Brooks home were damaged in the storm.

9. On that day, the Brooks home was insured by American Family policy no. 24DY379601. The policy included, among other coverages, indemnity coverage for damage to the dwelling on the insured premises due to windstorm or hail.

10. The Brooks properly submitted a claim to American Family and requested payment for the damage to the Brooks home.

11. American Family confirmed that the Brooks home had sustained a covered loss and that American Family had an obligation and duty to pay the Brooks for the repair or replacement of the damaged portions of the Brooks home pursuant to the terms of their insurance policy.

12. American Family's adjuster inspected the damage to the Brooks home on or about May 30, 2012. The adjuster's calculation of damage found that the Brooks had suffered a loss in the amount of $2,916.15. The repair costs calculated by the adjuster included costs for material and labor to repair the Brooks home.

13. American Family reduced the amount it would pay to the Brooks for materials and labor by $319.86 for depreciation, resulting in an alleged actual cash value ("ACV") amount of $2,596.29. After subtracting the deductible of $1,000, this resulted in a net payment to the Brooks of $1,596.29.

14. American Family, in its ACV calculation, depreciated the materials and labor required to repair the home.

15. The so-called ACV payment American Family made to the Brooks depreciated the costs of labor, even though the costs of labor do not depreciate in value

over time. For example, American Family estimated the cost of hauling debris from the Brooks' home to be $118.57, but depreciated this labor cost by 40% or $47.43. Similarly, American Family depreciated costs associated with labor throughout its ACV calculations, including the labor costs for removing and replacing shingles, gutters, and downspouts.

16. American Family's depreciation of labor costs associated with repairing the Brooks home resulted in the Brooks receiving payment for their loss in an amount less than they were entitled to under their insurance policy. American Family breached its obligations under the policy by improperly depreciating the cost of labor. As a result, the Brooks have suffered damage in an amount greater than $100.

### The Sprengel Claim

17. The residential home and detached garage owned by Cheryl Sprengel located at 2425 Wesford Drive in Maryland Heights, Missouri ("the Sprengel home") was damaged in a hail storm on or about April 28, 2012. More particularly, the roof, gutters, and downspouts of the Home were damaged in the storm.

18. On that day, the Sprengel home was insured by American Family policy no. 24DL591801. The policy included, among other coverages, indemnity coverage for damage to the dwelling on the insured premises due to windstorm or hail.

19. Cheryl Sprengel properly submitted a claim to American Family and requested payment for the damage to the Sprengel home.

20. American Family confirmed that the Home had sustained a covered loss and that American Family had an obligation and duty to pay Cheryl Sprengel for the repair or replacement of the damaged portions of the Sprengel home pursuant to the terms of their insurance policy.

21. American Family's adjuster inspected the damage to the Sprengel Home following the storm of April 28, 2012. The adjuster's calculation of damage to the Sprengel home was $6,690.74. The repair costs calculated by the adjuster included costs for material and labor to repair the Home.

22. American Family reduced the amount it would pay for damage to the Sprengel Home for materials and labor by $2,765.02 for depreciation, resulting in an alleged actual cash value ("ACV") amount of $3,925.72. After subtracting the deductible of $500, this resulted in a net payment of $3,425.72.

23. American Family, in its ACV calculation, depreciated the materials and labor required to repair the home and detached garage

24. The so-called ACV payment American Family made to Cheryl Sprengel depreciated the costs of labor, even though the costs of labor do not depreciate in value over time. For example, American Family estimated the cost of hauling debris from Cheryl Sprengel' home to be $118.57, but depreciated this labor cost by 36% or $42.69. Similarly, American Family depreciated costs associated with labor throughout its ACV calculations, including, but not limited to, the labor costs for removing and replacing shingles, gutters, and downspouts.

25. American Family's depreciation of labor costs associated with repairing the Sprengel Home and detached garage resulted in Cheryl Sprengel receiving payment for her loss in an amount less than she was entitled to under the insurance policy. American Family breached its obligations under the policy by improperly depreciating the cost of labor. As a result, Cheryl Sprengel suffered damage in an amount greater than $100.

## The Lorthridge Claim

26. The residential home owned by Damon Lorthridge located at 6882 Finchdale Court in Florissant, Missouri ("the Lorthridge home") was damaged in a hail storm on or about February 16, 2006. More particularly, the roof, gutters, and downspouts of the Lorthridge home were damaged in the storm.

27. On that day, the Lorthridge home was insured by American Family policy no. 24DB04901. The policy included, among other coverages, indemnity coverage for damage to the dwelling on the insured premises due to windstorm or hail.

28. Damon Lorthridge properly submitted a claim to American Family and requested payment for the damage to the Lorthridge home.

29. American Family confirmed that the Lorthridge home sustained a covered loss and that American Family had an obligation and duty to pay Damon Lorthridge for the repair or replacement of the damaged portions of the Lorthridge home pursuant to the terms of the insurance policy.

6

30. American Family's adjuster inspected the damage to the Lorthridge home following the storm of February 16, 2006. The adjuster's calculation of damage for the Lorthridge home was $5,657.64. The repair costs calculated by the adjuster included costs for material and labor to repair the Lorthridge home.

31. American Family reduced the amount it would pay for damage to the Lorthridge home for materials and labor by $1,259.95 for depreciation, resulting in an alleged actual cash value ("ACV") amount of $4,397.69. After subtracting the deductible of $500, this resulted in a net payment to Damon Lorthridge of $3,897.69.

32. American Family, in its ACV calculation, depreciated the materials and labor required to repair the home.

33. The so-called ACV payment American Family made to Damon Lorthridge depreciated the costs of labor, even though the costs of labor do not depreciate in value over time. For example, American Family estimated the cost of removing roofing felt from the Lorthridge home to be $832.01, but depreciated this labor cost by 25% or $208.00. Similarly, American Family depreciated costs associated with labor throughout its ACV calculations, including, but not limited to, the labor costs for removing and replacing a television antennae, exhaust cap, shingles, gutters, and downspouts.

34. American Family also depreciated labor in its ACV calculations for the labor cost of staining and finishing a deck and deck handrail. American family depreciated this labor cost by 75%.

7

35. American Family's depreciation of labor costs associated with repairing the Lorthridge home resulted in Damon Lorthridge receiving payment for his loss in an amount less than he was entitled to under the insurance policy. American Family breached its obligations under the policy by improperly depreciating the cost of labor. As a result, Damon Lorthridge suffered damage in an amount greater than $100.

### Claims Practices

36. The policies of insurance American Family issued to Plaintiffs and other members of the proposed class provide replacement cost value ("RCV") coverage for both total loss of and partial loss to covered dwellings and other structures.

37. At all times relevant to this cause of action, American Family's custom and practice has been to pay its RCV policy holders the ACV of covered partial loss claims, net of any applicable deductible. In order to qualify for additional payment and recover the full RCV of the covered loss, the insured party must repair, rebuild or replace the damaged property within a specified time frame and submit proof to American Family that the repair or replacement was timely completed. Costs that exceed the amount of the ACV payment are the responsibility of the policy holder.

38. At all times relevant hereto, American Family's methodology for calculating ACV, through the use of computer software, has been to determine the cost of repairing or replacing the damaged property then deduct depreciation. In the context of insurance law, "depreciation" is defined as "[a] decline in *an asset's value* because of use, wear, obsolescence, or age." BLACK'S LAW DICTIONARY 506 (9th ed.

2009) (emphasis added). Materials used in the repair or replacement of damaged property *e.g.* roofing shingles, diminish in value over time due to use, wear, obsolescence, and age. As such, these are assets that can be depreciated. In contrast, labor is not susceptible to aging or wear. Its value does not diminish over time. Conceptually, and practically, depreciation simply cannot be applied to labor costs.

39. The practice of American Family in depreciating labor costs is not consistent with the universally accepted premise that the basic purpose of property insurance is to provide indemnity to policy holders. To indemnify means to put the insured back in the position he or she enjoyed before the loss ~ no better and no worse. A policy that provides for payment of the ACV of a covered loss is an indemnity contract because the purpose of the ACV payment is to make the insured whole but not to benefit him or her because a loss occurred.

40. While an insurer may lawfully depreciate material costs in calculating the amount of an ACV payment owed to an insured, it may not depreciate labor costs. American Family's failure to pay the full cost of the labor necessary to repair or replace the plaintiffs' damaged property in the ACV payment left plaintiffs under-indemnified and underpaid for their losses.

41. American Family materially breached its duty to indemnify plaintiffs by depreciating labor costs associated with repairs to plaintiffs' property in the ACV payment, thereby paying plaintiffs less than what they were entitled to receive under the terms of their insurance contracts.

9

## Count I
### Class Allegations — Declaratory Relief

42. Plaintiffs Ruby L. Brooks, Otis L. Brooks, Cheryl A. Sprengel and Damon P. Lorthridge ("the named plaintiffs") restate and incorporate by reference all preceding allegations.

43. Justiciable controversies exists between the named plaintiffs and American Family as to whether "Actual Cash Value," an undefined term in the policy, includes the depreciated or undepreciated value of labor and as to whether American Family breached its obligations under the policy by depreciating the costs of labor.

44. The named plaintiffs have a legally protectable interest in that they are insureds under American Family policies and American Family has refused and continues to refuse to pay them the full amount of benefits they are entitled to receive under the policy.

45. The named plaintiffs seek to represent a class (the "Class") consisting of all persons insured under an American Family homeowners policy who received a so-called Actual Cash Value payment from American Family for physical loss or damage to their residence or other structure located in Missouri for the ten year period prior to May 21, 2014, where in the calculation of Actual Cash Value, the cost of labor was depreciated.

46. American Family has acted on grounds generally applicable to the Class in that American Family has depreciated the cost of labor in the adjustment of property damage insurance claims when its insureds elected to receive Actual Cash

10

Value under their homeowner's insurance policies. American Family will continue to depreciate the cost of labor to reduce the amount paid to its insureds under these policies unless stopped by the Court.

47. The Class consists of thousands of people. Thus, it is impractical to join them all in this case.

48. The relatively small amounts of damage suffered by each Class member makes the filing separate suits by each Class member economically unfeasible.

49. The named plaintiffs are similarly situated to the absent members of the Class, and will fairly and adequately represent all members of the Class. The named plaintiffs have no relationship with American Family other than as an adverse parties in this case.

50. The named plaintiffs' claims are typical of the Class claims. There are common questions of law and facts that apply to the named plaintiffs' allegations and to the Class allegations. These questions include:

   a. Whether American Family's written insurance policy allows American Family to depreciate labor costs in the calculation of ACV payments;

   b. Whether American Family's depreciation of labor costs in calculation of ACV payments is a breach of the insurance policy;

   c. Whether the term "Actual Cash Value" as used in the American Family homeowners' insurance policy is ambiguous and susceptible to more than one reasonable interpretation, including an interpretation that permits depreciation of material only and not labor;

11

    d.      Whether American Family has a custom and practice of depreciating labor costs in the calculation of ACV payments; and,

    e.      Whether the named plaintiffs and the Class have suffered damage as a result of American Family's depreciation of labor costs in calculation of ACV payments.

51.    Proposed counsel for the proposed Class, Butsch Roberts & Associates LLC and Green Jacobson P.C., are knowledgeable and experienced in class and insurance litigation, and will fairly and adequately represent the interests of the proposed Class.

52.    No unusual difficulties are anticipated in the management of this case as a class action.

## Demand for Judgment

Plaintiffs Ruby L. Brooks, Otis L. Brooks, Cheryl A. Sprengel and Damon P. Lorthridge, both individually and on behalf of each member of the proposed Class, request that the Court grant the following relief:

    a.      enter an order, pursuant to Federal Rule of Civil Procedure 23(b)(2), certifying this action as a class action and appointing plaintiffs Ruby L. Brooks, Otis L. Brooks, Cheryl A. Sprengel and Damon P. Lorthridge as representatives of the plaintiff Class;

    b.      enter an order appointing Butsch Roberts & Associates LLC and Green Jacobson P.C., as counsel for the plaintiff Class;

12

Case 2:14-cv-04171-SRB   Document 19   Filed 08/08/14   Page 12 of 17

c. enter judgment declaring that American Family's depreciation of labor costs is contrary to its written policy of insurance issued to the named plaintiffs and members of the plaintiff Class;

d. enter judgment awarding the named plaintiffs and the members of the plaintiff Class as damages all sums depreciated with respect to labor costs under the policies, plus prejudgment interest on all such sums;

e. enter judgment awarding class counsel reasonable attorneys' fees and all expenses of this action, and requiring American Family to pay the costs and expenses of class notice and claim administration; and,

f. award plaintiffs the costs of this action and granting them any further and additional relief to which they may be entitled.

## Count II
### Class Allegations — Breach of Contract

53. The named plaintiffs restate and incorporate by reference all preceding allegations.

54. By depreciating labor in the calculation of the named plaintiffs' ACV payments, American Family breached its obligations to the Brooks under their written insurance policy.

55. As a direction and proximate result of American Family's breach of its obligations under the policy, the named plaintiffs and thousands of policyholders have received payment for their losses in an amount less than they were entitled to under their homeowners' insurance policies.

13

56. American Family's practice of depreciating labor in the calculation of ACV payments made in connection with property damage claims under American Family's homeowners' policies in Missouri is a breach of American Family's obligations under those policies.

57. The named plaintiffs seek to represent the Class, a class consisting of all persons insured under an American Family homeowners' policy who received an Actual Cash Value payment from American Family for physical loss or damage to their residence or other structure located in Missouri for the ten year period prior to May 21, 2014, in which the cost of labor was depreciated.

58. On information and belief, the Class consists of thousands of people. Thus, it is impractical to join them all in this case.

59. The relatively small amounts of damage suffered by each Class member make filing separate suits by each Class member economically unfeasible.

60. The named plaintiffs are similarly situated to the absent members of the Class, and will fairly and adequately represent all members of the Class. The named plaintiffs have no relationship with American Family other than as adverse parties in this case.

61. The named plaintiffs' claims are typical of the Class claims. There are common questions of law and facts that apply to the Plaintiffs' allegations and to the Class allegations. These questions include:

a. Whether American Family's written insurance policy allows American Family to depreciate labor costs in the calculation of ACV payments;

b. Whether American Family's depreciation of labor costs in calculation of ACV payments is a breach of the insurance policy;

c. Whether the term "Actual Cash Value" as used in the American Family homeowners insurance policy is ambiguous and susceptible to more than one reasonable interpretation, including an interpretation that permits depreciation of material only and not labor;

d. Whether American Family has a custom and practice of depreciating labor costs in the calculation of ACV payments; and,

e. Whether the named plaintiffs and the Class have suffered damage as a result of American Family's depreciation of labor costs in calculation of ACV payments.

62. Proposed counsel for the proposed Class, Butsch Roberts & Associates LLC and Green Jacobson P.C., are knowledgeable and experienced in class and insurance litigation and will fairly and adequately represent the interests of the proposed class.

63. The questions of law and fact common to members of the proposed Class predominate over any questions of law or fact affecting any member of the Class. A class action is superior to other available methods for the fair and efficient resolution of this controversy.

64. No unusual difficulties are anticipated in the management of this case as a class action.

15

## Demand for Judgment

Plaintiffs Ruby L. Brooks, Otis L. Brooks, Cheryl A. Sprengel and Damon P. Lorthridge, both individually, and on behalf of each member of the proposed Class, request that the Court grant the following relief:

    a.    enter an order, pursuant to Federal Rule of Civil Procedure 23(b)(3), certifying this action as a class action, and appointing plaintiffs Ruby L. Brooks, Otis L. Brooks, Cheryl A. Sprengel and Damon P. Lorthridge as representatives of the plaintiff Class;

    b.    enter an order appointing Butsch Roberts & Associates LLC and Green Jacobson P.C., as counsel for the plaintiff Class;

    c.    enter judgment in favor of the named plaintiffs and the plaintiff Class for their actual damages, being the amount that American Family reduced actual cash value payments to each Class member by the depreciation of the cost of labor;

    d.    enter judgment awarding the Brooks and the plaintiff class counsel reasonable attorneys' fees and all expenses of this action, and requiring American Family to pay the costs and expenses of class notice and claim administration; and,

    e.    enter judgment awarding the Brooks and the plaintiff Class prejudgment interest, post-judgment interest, costs, and any further and additional relief to which they may be entitled.

Jury Trial Demanded

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ David T. Butsch
    David T. Butsch #37539
    Christopher E. Roberts #61895
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    Butsch@ButschRoberts.com
    Roberts@ButschRoberts.com

    Joe D. Jacobson #33715
    **GREEN JACOBSON P.C.**
    7733 Forsyth Blvd., Suite 700
    St. Louis, Missouri 63105
    (314) 862-6800 (telephone)
    (314) 862-1606 (fax)
    Jacobson@stlouislaw.com

    Attorneys for Plaintiffs