UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RUBY L. BROOKS and<br>OTIS L. BROOKS, et al., | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Case No. 2:14-cv-04171-NKL |
| AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

**ORDER**

Plaintiffs Ruby and Otis Brooks, Cheryl Sprengel, and Damon Lorthridge filed this class action lawsuit alleging that American Family paid them less than what they were owed under their insurance policies after hail storms damaged their homes. [Doc. 19]. In particular, Plaintiffs allege that in calculating the "actual cash value" owed to them for their losses – which was determined by calculating the cost of repairing or replacing the damaged property less depreciation – American Family improperly depreciated labor costs. Plaintiffs seek damages for breach of the insurance policies, a declaration that American Family's depreciation of labor costs is contrary to its written insurance policy, and an award of all sums depreciated with respect to labor costs, plus prejudgment interest.

Before the Court are: (1) Plaintiffs' Motion for Leave to File a Second Amended Complaint, [Doc. 42]; (2) American Family's Motion for Summary Judgment against Ruby and Otis Brooks, [Doc. 21]; (3) American Family's Motion for Summary Judgment

1

against Cheryl Sprengel, [Doc. 28]; (4) American Family's Motion for Summary Judgment against Damon Lorthridge, [Doc. 38]; (5) the Brookses' Motion to Dismiss Claims for Lack of Article III Standing, [Doc. 23]; and (6) Sprengel and Lorthridge's Motion to Dismiss Claims for Lack of Article III Standing, [Doc. 43]. For the reasons set forth below, the Motion for Leave to File a Second Amended Complaint, [Doc. 42], is granted, the Brookses' and Sprengel and Lorthridge's Motions to Dismiss, [Docs. 23, 43], are granted, and American Family's Motions for Summary Judgment, [Docs. 21, 28, 38], are denied as moot.

**I.     Motion for Leave to File a Second Amended Complaint**

Plaintiffs seek leave to file a Second Amended Complaint. Pursuant to the Court's Scheduling Order, any motion to amend the pleadings should have been filed no later than September 30, 2014. [Doc. 32, at p. 1]. Plaintiffs' Motion to Amend was filed on October 10, 2014, and was therefore filed outside of the deadline prescribed by the Scheduling Order. Plaintiffs seek to amend their Amended Complaint by adding an additional plaintiff, Darnita Riggins.

"[A] motion for leave to amend filed outside the district court's Rule 16(b) scheduling order requires a showing of good cause." *Williams v. TESCO Services, Inc.*, 719 F.3d 968, 977 (8th Cir. 2013); Fed. R. Civ. Pro. 15(a). Good cause exists to amend the pleadings. Darnita Riggins only recently retained counsel for the purpose of pursuing her claim against American Family. Further, American Family will not be prejudiced by this amendment. The allegations as to the existing Plaintiffs have not been amended and the legal theory asserted in the proposed Second Amended Complaint has not changed.

The discovery deadline is more than six months away, and the dispositive motion deadline is more than eight months away. Accordingly, the Motion for Leave to File a Second Amended Complaint is granted. Plaintiffs shall file the Second Amended Complaint attached to their Motion, [Doc. 42-1], within five days of the date of this Order.

**II.     Motions to Dismiss and Motions for Summary Judgment**

Ordinarily, when leave to amend a complaint is granted, all pending motions related to the preceding complaint are denied as moot. However, the Second Amended Complaint does not change the factual allegations or legal theories related to the Brookses, Sprengel, or Lorthridge. Therefore, the Court will consider the pending Motions to Dismiss and Motions for Summary Judgment as applied to the Second Amended Complaint.

American Family argues summary judgment against the Brookses, Sprengel, and Lorthridge is appropriate because after completion of repairs and pursuant to the terms of their policies, they received additional payments for the full replacement cost of their properties, including the previously depreciated labor costs that are the subject of this lawsuit. [Docs. 21, 28, 38]. American Family also argues that labor costs were properly depreciated under Missouri law.

The Brookses, Sprengel, and Lorthridge concede that they have already received all amounts due to them under their policies and have therefore, suffered no damage. They request that the Court dismiss their claims with prejudice for lack of Article III standing and deny American Family's pending Motions for Summary Judgment as moot.

3

[Docs. 23, 43]. American Family does not oppose dismissal of the claims brought by the Brookses, Sprengel, and Lorthridge, but argues that the Court should still grant summary judgment in its favor because the Brookses, Sprengel, and Lorthridge do have Article III standing. American Family argues it has proved that the Brookses, Sprengel, and Lorthridge lack an essential element necessary to survive summary judgment – damages – which is not the same as proving that they do not have standing to sue.

Federal courts are courts of limited jurisdiction and can only hear actual "cases or controversies" as defined under Article III of the Constitution. *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994) (citing *Preiser v. Newkirk,* 422 U.S. 395 (1975)). The "case or controversy" requirement applies at all stages of review, and "'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) (quoting *Presier*, 422 U.S. at 401). When a case on appeal no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it. *Neighborhood Transp. Network*, 42 F.3d at 1172. A federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before it. *Id.*

Review of the Brookses, Sprengel, and Lorthridge's claims reveals no actual, ongoing case or controversy. The Brookses, Sprengel, and Lorthridge alleged they "have a legally protectable interest in that they are insureds under American Family policies and American Family has refused and continues to refuse to pay them the full amount of benefits they are entitled to receive under the policy." Second Amended Comp., at p. 12,

4

¶ 54. They now concede they did receive the amounts they were entitled to under their insurance policies, including all depreciation used to calculate actual cash value. [Doc. 24, at p. 1; Doc. 44, at p. 1]. American Family argues that the Brookses, Sprengel, and Lorthridge do have standing because the (Second) Amended Complaint's allegation that they received less than they were entitled to under their policies is "sufficient to constitute a threatened injury." [Doc. 35, at p. 2]. However, the controversy must exist at all stages of the litigation, not merely at the time a complaint is filed, and so the Brookses, Sprengel, and Lorthridge's recent concession that they have received all amounts due to them is relevant to the Court's determination that a case or controversy as it relates to these particular plaintiffs no longer exists. *See Ringo*, 677 F.3d at 796.

By arguing that the Court should grant its Motions for Summary Judgment, American Family also appears to seek a ruling from this Court that its depreciation of labor costs when calculating "actual cash value" amounts owed to its insured is proper under Missouri law. [Doc. 21, at p. 1]. But whether, under Missouri law, an insurance company may depreciate labor costs in determining "actual cash value" is a question that does not affect the Brookses, Sprengel, or Lorthridge. Regardless of the answer, the Brookses, Sprengel, and Lorthridge admit they have received all benefits they were entitled to receive under their policies. A ruling on this question would serve no purpose and afford no relief to the Brookses, Sprengel, or Lorthridge. *See Neighborhood Transp. Network*, 42 F.3d at 1172. Because no case or controversy exists as to the Brookses, Sprengel, or Lorthridge, their claims are moot, and this Court does not have jurisdiction to hear them. Therefore, the Brookses' and Sprengel and Lorthridge's Motions to

5

Dismiss, [Docs. 23, 43], are granted.  The claims brought by Ruby and Otis Brooks, Cheryl Sprengel, and Damon Lorthridge are dismissed with prejudice.  Because the Brookses' and Sprengel and Lorthridge's claims have been dismissed, American Family's Motions for Summary Judgment against those claims, [Docs. 21, 28, 38], are denied as moot.

Plaintiffs request that the case be recaptioned as *Darnita Riggins v. American Family Mutual Insurance Company* because the Brookses, Sprengel, and Lorthridge no longer have claims. [Doc. 43].  The motion is granted, and the Clerk of Court shall recaption this case accordingly.

### III.   Conclusion

For the reasons set forth above, the Motion for Leave to File a Second Amended Complaint, [Doc. 42], is granted.  The Second Amended Complaint shall be filed within five days of the date of this Order.  The Brookses' and Sprengel and Lorthridge's Motions to Dismiss, [Docs. 23, 43], are granted.  The claims brought by Ruby and Otis Brooks, Cheryl Sprengel, and Damon Lorthridge are dismissed with prejudice.  American Family's Motions for Summary Judgment, [Docs. 21, 28, 38], are denied as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  October 20, 2014
Jefferson City, Missouri